MEMORANDUM **
Bella Abramova, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s decision denying her asylum and withholding of removal application. We have jurisdiction under 8 U.S.C. § 1252. *665 We grant the petition for review and remand.
Because the BIA deemed Abramova’s testimony credible, it erred in requiring her to corroborate her date of entry in U.S. and in upholding the IJ’s pretermission of her asylum application. See Ladha v. INS, 215 F.3d 889, 899 (9th Cir.2000) (holding no corroborating evidence required from asylum applicants who have testified credibly). Accordingly, we remand to the agency to determine whether Abramova is eligible for asylum in the first instance. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
As to withholding of removal, the BIA erred in failing to address Abramova’s contention that the IJ erred in concluding her two detentions and beatings did not rise to the level of past persecution. See Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005) (“the BIA [is] not free to ignore arguments raised by a petitioner.”). Were Abramova to establish past persecution, she would be entitled to the presumption of a well-founded fear. See Mousa v. Mukasey, 530 F.3d 1025, 1030 (9th Cir.2008). We therefore remand to the BIA to consider in the first instance whether Abramova established withholding of removal. See Ventura, 537 U.S. at 16-18, 123 S.Ct. 353.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.